THE HONORABLE JUDGE LASNIK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION

| | |
|---|---|
| LARRY W. JOHNSON,<br><br>   Plaintiff/Movant,<br><br> v.<br><br>RCO LEGAL, P.S.,<br><br>   Defendant/Respondent,<br><br> v.<br><br>WELLS FARGO HOME MORTGAGE, INC.,<br><br>   Garnishee. | NO. 2:17-mc-00172 RSL<br><br>PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO VACATE DEFAULT JUDGMENT OR REDUCE AMOUNT OF DEFAULT JUDGMENT<br><br>NOTE ON MOTION CALENDAR:<br>Friday, March 1, 2019 |

PLAINTIFF'S RESPONSE IN OPPOSITION TO WELLS FARGO'S MOTION TO VACATE DEFAULT JUDGMENT OR REDUCE AMOUNT OF DEFAULT JUDGMENT - 1

**Green & Norwood PLLC**
2722 Eastlake Ave E., #350
Seattle, Washington 98102
(206) 420-3486

425-101

I. <u>INTRODUCTION</u>

Larry Johnson holds an unsatisfied judgment against RCO Legal P.S., pursuant to an order confirming arbitration award entered by this court on November 20, 2017 (No. C17-512RAJ) in the principal sum of $903,538.83.[1] Following entry of the RCO Judgment, Mr. Johnson sought to enforce the same by causing various writs of garnishment to be issued, which writs sought to capture any and all monies that third-party garnishees may have owed to RCO. Writs were issued to Wells Fargo Bank N.A. ("WF") and Wells Fargo Home Mortgage, Inc. ("WFHM"), among others, both of which were believed to have utilized RCO as legal counsel and accordingly owed monies to RCO for services. Both parties were served per statute with the necessary pleadings and processing fee payable to each garnishee respectively. Both checks – one payable to WF and the other payable to WFHM – were cashed. WF answered the writ and indicated it owed zero funds to RCO at the time of service of the garnishment. WFHM did not answer the writ.

Mr. Johnson then provided WFHM, through its registered agent, a statutory notice of default indicating he would seek a default judgment for WFHM's failure to answer the writ of garnishment and providing it an additional opportunity to provide an answer. WFHM again failed to answer the writ or otherwise respond to the notice. Mr. Johnson applied to this court, and on March 5, 2018 obtained an order of default and judgment against WFHM

---

[1] RCO Legal PS was one of the largest foreclosure law firms in the northwest region, and along with its related entity, Northwest Trustee Services, Inc., abruptly closed its doors and permanently closed in December 2017. It thereafter filed itself into a Washington state receivership as further discussed below. Prior to its closure, RCO had a robust practice regularly many banks and loan/mortgage services throughout the country. *See e.g* RCO's Receivership petition attached as Exhibit A to Norwood Decl.

PLAINTIFF'S RESPONSE IN OPPOSITION TO WELLS FARGO'S MOTION TO VACATE DEFAULT JUDGMENT OR REDUCE AMOUNT OF DEFAULT JUDGMENT - 2

**Green & Norwood PLLC**
2722 Eastlake Ave E., #350
Seattle, Washington 98102
(206) 420-3486

425-101

pursuant to RCW 6.27.200 for its failure to answer the writ in the amount of $903,538.83 (herein the "WFHM Judgment").

On March 26, 2018, Mr. Johnson domesticated the WFHM Judgment in King County Superior Court (No. 18-2-08021-5 SEA). Two days later, RCO filed itself into a general receivership in King County Superior Court (No. 18-2-08146-7) and Mr. Johnson (along with RCO's other creditors) was stayed from further action against RCO. Practically speaking, as a result of RCO's receivership filing, the writs of garnishment issued and reduced to judgment prior to appointment of RCO's receivership very likely represent the only substantive recovery Mr. Johnson will realize on his Judgment. Importantly, as it relates to the present action, in its petition for appointment of receiver, RCO filed a schedule that indicated that "Wells Fargo Bank Home Equity Bankruptcy Group" owed RCO approximately $1.8 million in accounts receivable as of the date of filing (March 28, 2018).

On April 6, 2018, WF appeared through counsel and filed its Motion to Vacate Default Judgment against WFHM. Dkt. #7-9. Thereafter, Mr. Johnson and WFHM/WF engaged in discussion to resolve the matter, which resulted in numerous continuances being filed.[2] Now, Mr. Johnson respectfully requests this court deny the motion to vacate the judgment. He further requests that WF/WFHM be ordered to submit an answer to the WFHM writ, indicating the amount owed to RCO at the time of service of the writ as required

---

[2] The discussions to resolve the matter involved, specifically, a request from WF to stipulate to vacate the judgment and Mr. Johnson's request for WF/WFHM to confirm what amounts any Wells Fargo entity or subdivision owed to RCO at the time the writs of garnishment were served. *See* Norwood Declaration, Ex. B. The ten months of continuances were ostensibly for the purposes of WF/WFHM determining this information as between their counsel and the Receiver for RCO.

PLAINTIFF'S RESPONSE IN OPPOSITION TO WELLS FARGO'S MOTION TO VACATE DEFAULT JUDGMENT OR REDUCE AMOUNT OF DEFAULT JUDGMENT - 3

**Green & Norwood PLLC**
2722 Eastlake Ave E., #350
Seattle, Washington 98102
(206) 420-3486

425-101

by statute. Only after receipt of such information can the WFHM Judgment then be reduced per statute. In the meantime, Mr. Johnson should be awarded his legal fees and costs for WFHM's failure to answer and subsequent efforts related to the default judgment and this motion.

## II. RELEVANT FACTS

A.  Wells Fargo Home Mortgage Inc. Writ of Garnishment and Judgment

Mr. Johnson filed the above-captioned garnishment action and on December 21, 2017, a writ of garnishment was issued to WFHM. Dkt. #3. The writ, along with an answer form and the statutory processing fee in the form of a twenty dollar check payable to "Wells Fargo Home Mortgage, Inc.", was then sent via certified mail to WFHM, care of its registered agent. Dkt. #4-1. A copy of the writ was also sent to RCO via certified mail. *Id.* On or about January 5, 2018, the processing fee paid to "Wells Fargo Home Mortgage, Inc." was deposited and cashed. [3] *See* Exhibit C to Norwood Decl. Yet, no answer was submitted by WFHM.

On or about February 6, 2018, Mr. Johnson provided notice to WFHM that it had failed to answer the writ and was in default. Dkt. #4-2. WFHM was provided ten days' notice that a default judgment would be sought if no answer was received in that time period. *Id.* The notice was served upon WFHM's registered agent on or about February 6, 2018. Dkt. #4-3. No response was received. On March 1, 2018, Mr. Johnson moved pursuant to RCW 6.27.200 for an order of default and default judgment against WFHM, and judgment was entered against WFHM "for the full amount of the plaintiff's unpaid judgment" against RCO as authorized by RCW 6.27.200. Dkt. #5-6.

---

[3] Deposit information indicates that the check was deposited into an account belonging to "Wells Fargo Bank N.A." *See* Ex. C to Norwood Decl.

PLAINTIFF'S RESPONSE IN OPPOSITION TO WELLS FARGO'S MOTION TO VACATE DEFAULT JUDGMENT OR REDUCE AMOUNT OF DEFAULT JUDGMENT - 4

**Green & Norwood PLLC**
2722 Eastlake Ave E., #350
Seattle, Washington 98102
(206) 420-3486

425-101

On March 26, 2018 the WFHM Judgment was domesticated in King County Superior Court. Thereafter, WF appeared and filed the motion to vacate or reduce the judgment. WFHM has yet to answer the writ, and neither WF nor WFHM have presented the required information as to what amounts were due and owing from WFHM to RCO at the time of the service of the garnishment.

Prior to filing the motion to vacate, WF suggested to Mr. Johnson that the parties stipulate to vacating the WFHM Judgment. *See* Spellman Decl., Dkt. 9. Mr. Johnson responded that in order to reach agreement on the reduction of the WFHM Judgment, WF/WFHM would need to verify and confirm the amounts that were due and owing to RCO at the time of the service of the writ(s). *See* Ex. B to Norwood Decl. WF did convey preliminary information regarding amounts due – which indicated that monies were due at the time of service of the writs – and WF should be compelled to submit an answer to the court in support of its pending motion to reduce. *Id.*

B. <u>Wells Fargo Bank N.A. Writ of Garnishment</u>

Mr. Johnson filed a separate civil garnishment action against WF, and on December 21, 2017 a writ of garnishment was issued. (No. 2:17mc00173-RSL, Dkt. 3). On December 22, 2017, a copy of the writ, along with answer form and processing fee were sent via certified mail to WF. On or about December 28, 2017, WF deposited and cashed the garnishment processing fee. *See* Ex. C Norwood Decl. WF answered the writ of garnishment on January 3, 2018 and indicated it did not possess or control any funds, personal property or effects of RCO. This answer is believed to be inaccurate based upon RCO's receivership filings as noted below, as well as discussions with WF regarding resolution of the WFHM Judgment.

C. <u>RCO Receivership</u>

PLAINTIFF'S RESPONSE IN OPPOSITION TO WELLS FARGO'S MOTION TO VACATE DEFAULT JUDGMENT OR REDUCE AMOUNT OF DEFAULT JUDGMENT - 5

**Green & Norwood PLLC**
2722 Eastlake Ave E., #350
Seattle, Washington 98102
(206) 420-3486

425-101

1   On March 28, 2018, RCO, along with related entity Northwest Trustee Services, filed itself into a general receivership in King County Superior Court, Cause No. 18-2-08146-7 (the "Receivership").  As a result of the Receivership, all creditors of RCO – including Mr. Johnson – are stayed from taking any action to enforce their judgment against RCO.  RCW 7.60 *et seq*.  In filing its petition for appointment of receiver, RCO submitted a schedule of accounts receivable due and owing to RCO at the time of the filing of the petition.  A copy of the petition filed in the Receivership is attached to Norwood Declaration as Exhibit A.  RCO listed Wells Fargo Bank Home Equity Bankruptcy Group as owing RCO $1,860,091.39 at the time of the petition.  *Id.* at Ex A, p. 60.

D.  <u>Wells Fargo NA, Wells Fargo Home Mortgage Inc., Wells Fargo Bank Home Equity Bankruptcy Group, Etc.</u>

According to the Washington Department of Licensing, there are fifty-six (56) current business entities in Washington operating as Wells Fargo Home Mortgage and/or Wells Fargo Home Mortgage a Division of Wells Fargo Bank N.A.  One such listing is attached as Ex. D to Norwood Decl.  The UBI number for the Wells Fargo Home Mortgage entities does not appear to match any current, Washington Secretary of State filing.  Wells Fargo Home Mortgage, Inc. appears on the Washington Secretary of State's website with Corporation Services Company as its registered agent in Tumwater, Washington, and a business status of "Terminated" with "Perpetual" duration.  *Id*. at Ex. E.  A review of a sample of filings with the King County Auditor's Office online database shows WFHM listed as a party on various real property records recorded through 2019.  WFHM is then identified within the documents as "Wells Fargo Bank N.A. successor by merger to Wells Fargo Home Mortgage, Inc." *Id*.

On or about January 16, 2018, in connection with his enforcement efforts, Mr. Johnson caused a superior court records subpoena to be issued to Washington Federal Bank seeking copies of RCO's banking records during the preceding year (2017).  A sample of the

PLAINTIFF'S RESPONSE IN OPPOSITION TO WELLS FARGO'S MOTION TO VACATE DEFAULT JUDGMENT OR REDUCE AMOUNT OF DEFAULT JUDGMENT - 6

Green & Norwood PLLC
2722 Eastlake Ave E., #350
Seattle, Washington 98102
(206) 420-3486

425-101

records produced, attached as Exhibit F to Norwood Decl., show that RCO and WF, and RCO and WFHM, had an ongoing business relationship such that RCO was delivering checks to both WF and WFHM.

There is no Washington Secretary of State listing for "Wells Fargo Bank Home Equity Bankruptcy Group" – the entity listed on the Receivership petition as owing in excess of $1.8 million to RCO. (Nor is there such an entity on the California, Iowa, Georgia or South Dakota Secretary of State listings.) *See* Norwood Decl.

### III.  ISSUE

Should the court deny the motion to vacate the WFHM Judgment where WF has failed to meet the criteria necessary to be entitled to vacation of a default judgment under CR 60? Further, where there is a specific statutory remedy for the reduction of a default judgment entered against a garnishee pursuant to RCW 6.27.200, should WF and/or WFHM be obligated to follow the requirements therein and submit an answer to the writ such that the WFHM Judgment may be reduced to the amount actually due at the time the writ was served? Is Mr. Johnson entitled to an award of all his legal fees and costs related to the WFHM Judgment and response to this motion pursuant to RCW 6.27.200? The answer to each of these questions is "yes" as discussed below.

### IV.  RESPONSE ARGUMENT

A. <u>Judgment Was Properly Entered Pursuant to RCW 6.27.200 Based Upon Garnishee's Failure to Answer the Writ of Garnishment.</u>

Mr. Johnson took all necessary steps to garnish WFHM, and when WFHM failed to answer the writ, a default judgment was entered consistent with RCW 6.27.200. WF does not allege that it did not receive notice of the garnishment, nor of the notice of default, nor does it dispute that it failed to answer on either occasion.

PLAINTIFF'S RESPONSE IN OPPOSITION TO WELLS FARGO'S MOTION TO VACATE DEFAULT JUDGMENT OR REDUCE AMOUNT OF DEFAULT JUDGMENT - 7

**Green & Norwood PLLC**
2722 Eastlake Ave E., #350
Seattle, Washington 98102
(206) 420-3486

425-101

Because WF accepted and cashed the writ of garnishment processing check payable to WFHM, it cannot be allowed to avoid the obligation to answer the WFHM writ. Pursuant to RCW 6.27.095 a "garnishee is entitled to check or money order payable to the garnishee in the amount of twenty dollars at the time the writ is served…." Here, the check was delivered to WFHM and cashed. (WF received a separate check for processing the writ directed to it, which was also cashed.) Having accepted payment tendered for processing the writ of garnishment, WFHM was obligated to answer the same. It indisputably did not answer the writ.[4] And because WF, on behalf of WFHM, failed to answer the writ after being paid the processing fee and after being afforded a second notice to do so, the WFHM Judgment was properly entered pursuant to RCW 6.27.200. WF does not dispute that the WFHM Judgment was entered in accordance with RCW 6.27.200. Accordingly, WF must look to RCW 6.27.200 to have the WFHM Judgment reduced and should be obligated to comply with statute to do so.

B. <u>RCW 6.27.200 Provides WFHM's Remedy Is Reduction To The Actual Amount Due; Plus An Award of Legal Fees and Costs; But WFHM Has Failed to Provide the Requisite Information To Obtain A Reduced Judgment</u>

The procedure for reduction of a default judgment against a non-responsive garnishee is simple, yet it has not been followed here, and accordingly, WF's request to reduce the WFHM Judgment must be denied. Pursuant to RCW 6.27.200 a judgment "…shall be reduced to the amount of any nonexempt funds or property which was *actually in the*

---

[4] The letter attached to Mr. Spellman's declaration which he testifies was "in the Wells Fargo file" is: a) not admissible evidence, and b) even if it were admissible, does not constitute an answer to the writ. The letter that "Wells Fargo has located in its business files" (but *not* actually delivered to the court, or to counsel for Mr. Johnson) merely goes to further show that WF, on behalf of WFHM, received the writ.

PLAINTIFF'S RESPONSE IN OPPOSITION TO WELLS FARGO'S MOTION TO VACATE DEFAULT JUDGMENT OR REDUCE AMOUNT OF DEFAULT JUDGMENT - 8

**Green & Norwood PLLC**
2722 Eastlake Ave E., #350
Seattle, Washington 98102
(206) 420-3486

425-101

*possession of the garnishee at the time the writ was served*….*"* Here, WFHM failed to present an answer to the writ of garnishment that states the actual amount of funds or property that was owed to RCO at the time the writ was served. To have the WFHM Judgment reduced, WF – as successor by merger and doing business as WFHM – must answer the writ and confirm the amounts due to RCO at the time of the service of the writ. Accordingly, the court must required WF to submit this information *and* submit a new motion to reduce the WFHM Judgment, and not merely submit this information on reply to the current motion. Mr. Johnson must be afforded an opportunity to review and respond once an answer is properly submitted. Until that answer is received, the WFHM Judgment cannot be reduced as requested by the moving party.

C. <u>Vacating the Judgment Would Be Improper Because WF/WFHM Has Not Met Their Burden:  The Garnishment Statute Provides Effective Relief Upon A Proper Showing and Because The Prejudice to Mr. Johnson Would Be Irreparable</u>

It is worth repeating that WF/WFHM has a clear statutory remedy available to it to reduce and resolve the default judgment entered against WFHM. WF has not satisfied the statutory requirements of RCW 6.27.220 but certainly could do so in a future motion that included an answer stating the amounts owed to RCO at the time of service of the original writ. In the meantime, the WFHM Judgment should not be vacated on CR 60(b) grounds. WF is a sophisticated litigant that cannot carry its burden under the applicable standards for vacating a judgment under these circumstances.

FRCP 55(c) provides that a judgment may be set aside only for good cause in accordance with FRCP 60(b). FRCP 60(b)(1) allows for a default to be vacated where there

PLAINTIFF'S RESPONSE IN OPPOSITION TO WELLS FARGO'S MOTION TO VACATE DEFAULT JUDGMENT OR REDUCE AMOUNT OF DEFAULT JUDGMENT - 9

**Green & Norwood PLLC**
2722 Eastlake Ave E., #350
Seattle, Washington 98102
(206) 420-3486

425-101

has been mistake, inadvertence, excusable neglect or other reasons, but certain criteria must be considered:

> However, "[i]n applying Rule 60(b)(1) in the context of default judgments, courts have gone beyond the bare wording of the rule and established certain criteria which should be considered in deciding whether the designated standards have been satisfied." These criteria include: "(1) whether the default was willful; (2) whether defendant has a meritorious defense; and (3) the level of prejudice that may occur to the nondefaulting party if relief is granted." .

*Brien v. Kullman Industries, Inc*., 71 F.3d 1073, 1077 (2d Cir. 1995) (internal citations omitted.)

First, WF cannot show good cause why the judgment should be vacated. There is no good cause to vacate a judgment where a statutory remedy expressly provides for the relief requested if only WFHM would present the requisite evidence and answer the garnishment. Second, WF has arguably not even attempted to show mistake, inadvertence or excusable neglect. WF doesn't assert that it was confused by the receipt of two writs, or that it believed the single answer to be was sufficient. WF also doesn't argue that WFHM was not served first with the writ of garnishment, or the with the notice of default. Rather, it is WF/WFHM's position simply that the answer of WF was "effectively the answer" of WFHM (notwithstanding that the writs were issued out of two separate cause numbers, directed to two different garnishees, and with two separate, statutory processing fees). Therefore, the default – i.e. the failure to answer the writ or respond to the notice of default after service of the writ and acceptance of the processing fee – would appear to be willful, and that WF does not not have a meritorious defense for the failure to answer. (But again, WF doesn't need a meritorious defense to be afforded releif. It needs to simply answer the writ.)

PLAINTIFF'S RESPONSE IN OPPOSITION TO WELLS FARGO'S MOTION TO VACATE DEFAULT JUDGMENT OR REDUCE AMOUNT OF DEFAULT JUDGMENT - 10

**Green & Norwood PLLC**
2722 Eastlake Ave E., #350
Seattle, Washington 98102
(206) 420-3486

425-101

Finally, the last criteria set forth above is among the most compelling reason that the WFHM Judgment cannot be vacated and that is that WFHM/WF cannot show that Mr. Johnson will not be prejudiced in doing so. Because of the RCO Receivership, Mr. Johnson is stayed from taking any new action to enforce his judgment against RCO. He is not, however, limited in his ability to pursue and maintain his claims against a garnishee for failure to answer a writ. *See e.g. Bour v. Johnson*, 122 Wn. 2d 829, 836 (1993) (holding that a debtor's bankruptcy does not affect calculation of reduced default judgment against garnishee under RCW 6.27.200.) The WFHM Judgment is one of the last options Mr. Johnson has for collecting upon his judgment against RCO, and so to simply vacate the WFHM Judgment (particularly where all indicators point to WF *actually* owing monies to RCO at the time of service of the writs such that Mr. Johnson's garnishments should have properly captured certain funds[5]) without requiring WF to comply with the garnishment statute would cause great harm and irreparable prejudice to Mr. Johnson. Further, to vacate the WFHM Judgment would also ignore that Mr. Johnson is entitled, at the very least, to an award of his legal fees and costs pursuant to RCW 6.27.200.

D.   <u>Mr. Johnson Is Entitled to His Legal Fees and Costs Per RCW 6.27.200</u>

Mr. Johnson is entitled to an award of his legal fees and costs associated with the writ and default, as well as with respect to this motion and the other efforts undertaken as a result of WF/WFHM's failure to answer the writ. RCW 6.27.200 provides, in part, that upon a

---

[5] This information came to light only after WF appeared to reduce the WFHM Judgment and after the Receivership as filed, such that Mr. Johnson did not have a viable opportunity to controvert the original WF answer. Nonetheless, Mr. Johnson reserves his right to file a controversion claim pursuant to RCW 6.27.210.

PLAINTIFF'S RESPONSE IN OPPOSITION TO WELLS FARGO'S MOTION TO VACATE DEFAULT JUDGMENT OR REDUCE AMOUNT OF DEFAULT JUDGMENT - 11

Green & Norwood PLLC
2722 Eastlake Ave E., #350
Seattle, Washington 98102
(206) 420-3486

425-101

garnishee's motion to reduce the default judgment, the judgment shall be reduced to the actual amount that was due to the defendant/debtor at the time of service of the writ, plus interest and garnishments fees/cost…

> ….and in addition the plaintiff shall be entitled to a reasonable attorney's fee for the plaintiff's response to the garnishee's motion to reduce said judgment against the garnishee under this proviso and the court may allow additional attorney's fees for other actions taken because of the garnishee's failure to answer.

Accordingly, Mr. Johnson should be awarded all of his legal fees and costs associated with the WFHM Judgment. Upon the court entering such an award, Mr. Johnson will submit a subsequent fee declaration quantify said amounts for the court to enter judgment upon the same. Mr. Johnson also reserves the right to seek an amended judgment to correct the name of the garnishee defendant/debtor to "Wells Fargo Bank N.A. successor by merger to Wells Fargo Home Mortgage Inc. and doing business as Wells Fargo Home Mortgage."[6]

## V. CONCLUSION

The WFHM Judgment must not be vacated where WF has failed to show good cause for not answering the writ from the outset. Good cause to vacate also cannot exist where there is a statutory remedy for reduction of the judgment under the garnishment statute. Further, the WFHM Judgment should not be reduced until WF provides an answer stating the amounts due to RCO at the time the writ was originally served.

---

[6] Mr. Johnson reserves the right to seek leave to amend pursuant to CR 15 and/or CR 59(e) and hereby seeks to place WF on notice of his intent to do so, so as to avoid any inference of undue delay in seeking such amendment. Upon receipt of WF's answer to the writ and/or the court's decision regarding WFHM Judgment, Mr. Johnson will proceed accordingly to resolve the identification of garnishee.

PLAINTIFF'S RESPONSE IN OPPOSITION TO WELLS FARGO'S MOTION TO VACATE DEFAULT JUDGMENT OR REDUCE AMOUNT OF DEFAULT JUDGMENT - 12

**Green & Norwood PLLC**
2722 Eastlake Ave E., #350
Seattle, Washington 98102
(206) 420-3486

425-101

There is something troublesome about the nature of the request made by WF here and the grounds upon which it relies. It has an undeniable air of wanting to have ones cake and eat it, too. WF would like to assert that it answered a writ, and that alone made the WFHM writ unnecessary or redundant. But WF nonetheless accepted payment for both the WF and the WFHM writs. WF would also argue that WF is the only entity that had to answer because WFHM is allegedly a defunct entity, even though WF accepted payment on behalf of WFHM. WF continues to hold itself out as WFHM where it is convenient to do so. WF cannot be allowed to refuse to answer a writ directed to WFHM and simultaneously accept payment for processing of that same writ. There is inherent inconsistency in the manner and position that WF takes with respect to Mr. Johnson's outstanding judgment against WFHM.

The WFHM Judgment should remain intact until an answer to the writ is submitted setting forth the actual amounts owed to RCO at the time of service of the writ. Only then may WFHM and/or WF on behalf of WFHM be entitled to reduce the WFHM Judgment to that actual amount. In the interim, this court should award Mr. Johnson his legal fees and costs incurred as a result of the failure to answer the writ in the first place.

PLAINTIFF'S RESPONSE IN OPPOSITION TO WELLS FARGO'S MOTION TO VACATE DEFAULT JUDGMENT OR REDUCE AMOUNT OF DEFAULT JUDGMENT - 13

**Green & Norwood PLLC**
2722 Eastlake Ave E., #350
Seattle, Washington 98102
(206) 420-3486

425-101

DATED this 25th day of February, 2019.

<u>s/Elizabeth Hebener Norwood, WSBA #40930</u>
Matthew D. Green, WSBA #18046
*Attorneys for Plaintiff/Movant*
GREEN & NORWOOD PLLC
2722 Eastlake Ave E., #350
Seattle, WA  98102
Telephone: (206) 420-3486
Email:  matt@gnlawseattle.com
elizabeth@gnlawseattle.com

PLAINTIFF'S RESPONSE IN OPPOSITION TO WELLS FARGO'S MOTION TO VACATE DEFAULT JUDGMENT OR REDUCE AMOUNT OF DEFAULT JUDGMENT - 14

**Green & Norwood PLLC**
2722 Eastlake Ave E., #350
Seattle, Washington 98102
(206) 420-3486

425-101