UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
LARRY W. JOHNSON,                    )
                                     )  Case No. MC17-0172RSL
                    Plaintiff,       )
        v.                           )
                                     )  ORDER TO ANSWER WRIT AND
RCO LEGAL, P.S.,                     )  AWARDING ATTORNEY'S FEES
                                     )
                    Defendant,       )
        v.                           )
                                     )
WELLS FARGO HOME MORTGAGE, INC.,     )
                                     )
                    Garnishee.       )
_____)

This matter comes before the Court on Wells Fargo Bank's Motion to Vacate Default Judgment or Reduce Amount of Default Judgment." Dkt. # 8. Having reviewed the memoranda, declarations, and exhibits submitted by the parties as well as the remainder of the record and a companion case, MC17-0173RSL, the Court finds as follows:

On December 19, 2017, plaintiff filed two applications for writs of garnishment, one directed to Wells Fargo Home Mortgage, Inc. ("WFHM"), as garnishee (this case), and the other directed to Wells Fargo Bank, N.A. (MC17-0173RSL). Plaintiff properly served the writs, along with the twenty dollar answer fees required by RCW 6.27.110(1). Both checks were cashed, but a response was filed only in MC17-0173RSL. Plaintiff subsequently gave ten days' notice of its intent to seek default judgment against WFHM in this case and filed an appropriate motion. Dkt. # 4. On March 5, 2019, the Court entered default judgment against WFHM pursuant to RCW

ORDER TO ANSWER WRIT AND
AWARDING ATTORNEY'S FEES

6.27.200 for failure to timely answer the writ of garnishment. Dkt. # 5. Wells Fargo Bank has now appeared in this case and argues that the default judgment entered against WFHM should be vacated under Fed. R. Civ. P. 60(b) or, in the alternative, that the judgment amount should be reduced pursuant to RCW 6.27.200.

The argument for vacatur under Rule 60(b) is based on limited facts and has Wells Fargo Bank playing both sides of the fence. Wells Fargo Bank is not a named party in this action, and it does not explain the nature of its interest or why it has standing to appear on behalf of WFHM. Wells Fargo relies heavily on the fact that WFHM merged into Wells Fargo Bank in 2004 (Dkt. # 9 at 8-14) and suggests that WFHM is essentially a defunct entity that has no assets, cannot be the subject of a garnishment action or judgment, and could not be expected to answer as required by state law. If WFHM had closed up shop and disappeared, that might be true. But that would also mean that any judgment entered in this cause number would be of no moment to Wells Fargo Bank because it would be uncollectible. In those circumstances, Wells Fargo Bank would lack standing because there would be no relationship between the two that could implicate Wells Fargo Bank's interests. It appears, however, that although WFHM ceased to exist as a separate legal entity in 2004, Wells Fargo Bank continues to use the name to do business. Wells Fargo Bank may, therefore, have some quantum of responsibility for the acts and omissions of its alter ego such that a claim asserted or judgment entered against WFHM may translate into liability on the part of Wells Fargo Bank. Thus, Wells Fargo Bank's implied assertion that it has some right to appear in this case is contingent on it having some responsibility for WFHM's acts or omissions. The fact that WFHM was merged into Wells Fargo fifteen years ago does not alter the conclusion that someone - either WFHM, the designated garnishee, or Wells Fargo Bank, the successor entity - should have timely responded to the writ issued by the Court. The real party in interest had notice of the writ, accepted the answer fee, and was notified that plaintiff intended to seek default judgment. Washington's garnishment procedures do not allow a garnishee to simply ignore the writ.

| | |
|---|---|
| 1 | Wells Fargo Bank next argues that its response to the writ of garnishment issued in |
| 2 | MC17-173RSL absolves it and/or WFHM of any responsibility to answer the writ issued in this |
| 3 | cause number. No provision of the state garnishment law is cited. The writ issued by the Court |
| 4 | commanded the garnishee to answer within twenty days, specifying the drastic penalties for |
| 5 | failing to do so. See Dkt. # 3. Both the obligation to respond and the penalties are set forth in the |
| 6 | governing law. RCW 6.27.100; RCW 6.27.200. Answering a different writ issued to a nominally |
| 7 | different entity does not satisfy the garnishee's responsibilities. In addition, the response Wells |
| 8 | Fargo Bank filed in MC17-173RSL is equivocal. At first glance, the answer suggests that Wells |
| 9 | Fargo Bank was not in possession of any property of the judgment debtor at the time the writ |
| 10 | issued. Check boxes saying "did not" are marked and stamps indicating "NO SAFE DEPOSIT |
| 11 | BOX FOUND", "UNKNOWN," and "NO ACCOUNT FOUND" abound. MC17-0173RSL, Dkt. |
| 12 | # 4. Upon closer inspection, however, it appears that Wells Fargo Bank carefully avoided |
| 13 | providing answers regarding its possession of property of the judgment debtor. In response to a |
| 14 | question seeking information regarding Wells Fargo Bank's possession of "funds, personal |
| 15 | property, or effects of the Judgment Debtor," the garnishee twice stamped over the question with |
| 16 | "NO ACCOUNT FOUND." Plaintiff did not ask if the judgment debtor had an account with |
| 17 | Wells Fargo, however: plaintiff believes Wells Fargo Bank was holding funds it owed the |
| 18 | judgment debtor as payments for legal services, not on deposit. In response to a question seeking |
| 19 | the dollar amount due and owing from Wells Fargo Bank to the judgment debtor at the time the |
| 20 | writ was served, the garnishee stated "N/A." The question was, of course, applicable. It is not at |
| 21 | all clear whether Wells Fargo Bank had in its possession property of the judgment debtor at the |
| 22 | time of service. The Court will not excuse WFHM's obligation to respond in this matter based |
| 23 | on an equivocal answer filed in a separate case. |
| 24 | Finally, Wells Fargo Bank argues that two letters it found in its files were a sufficient |

answer to the writ issued in this cause number. Dkt. # 9 at 20; Dkt. # 25 at 5.[1] State law provides the form of answer to a writ of garnishment, however, and these letters do not contain the required information. RCW 6.27.190. The letters are addressed to the Clerk of Court and plaintiff's counsel notifying them that the writ was "not sufficient to compel us" to take any action because it was "Not Addressed To Wells Fargo Bank." Dkt. # 9 at 20; Dkt. # 25 at 5. In reply, Wells Fargo Bank submits a declaration stating that, under its standard policies and procedures, the letters would have been automatically generated and sent to the addressees on or about the date noted in the letters. Dkt. # 25 at 1. There is no indication that the letter was ever received by the Clerk (it was not docketed in this cause number), and plaintiff's counsel denies receiving the letter that was addressed to the firm. Dkt. # 26 at 2. The Court declines to decide who bears the burden of proving or rebutting service, however, because the garnishee failed to timely answer as required by state law. Wells Fargo Bank accepted payment for an answer and either it or WFHM should have provided one. Instead, plaintiff's counsel was forced to utilize the clear state law procedure for obtaining a default judgment based on the garnishee's failure to answer. Even then, neither Wells Fargo Bank nor WFHM took the opportunity to oppose the motion or to explain their conclusion that no response from any entity was required. The letters Wells Fargo Bank found in its files do not absolve it of having to comply with the garnishment procedures.

The Court finds that default judgment was appropriately entered under state law and that Wells Fargo Bank has not shown mistake, inadvertence, surprise, or excusable neglect for purposes of Rule 60(b). Assuming that Wells Fargo Bank is the real party in interest and therefore has standing to appear in this action, its complete lack of response to the writ or the notice of default is unexcused.

---

[1] The letter from Wells Fargo to plaintiff's counsel was provided in reply. The Court has considered the letter along with counsel's representation that it was never actually received by plaintiff. Dkt. # 26 at 2.

ORDER TO ANSWER WRIT AND
AWARDING ATTORNEY'S FEES           -4-

Wells Fargo Bank and/or WFHM (collectively, "Wells Fargo") may be entitled to the alternative relief requested, namely a reduction in the judgment amount, but the record is insufficient to determine what, if any, reduction is appropriate. Pursuant to the proviso in RCW 6.27.200, the judgment amount "shall be reduced" on timely motion of the garnishee to (a) the amount of the judgment debtor's non-exempt property in the garnishee's possession at the time the writ was served or $100, whichever is more. Because there was no answer to the writ, the Court is unable to determine the appropriate reduction in this case.[2] The record is sufficient, however, to award plaintiff the reasonable attorney's fees he incurred in responding to the garnishee's motion to vacate or reduce the judgment and the reasonable fees associated with any other actions taken because of the garnishee's failure to answer, as set forth in RCW 6.27.200.

For all of the foregoing reasons, the garnishee's motion to vacate or reduce the judgment is GRANTED in part and DENIED in part. Wells Fargo shall, within seven days of the date of this order, fully and completely answer the writ of garnishment. Plaintiff shall have twenty days from the date of service to controvert the answer, pursuant to RCW 6.27.210.

Plaintiff may, within fourteen days of the date of this order, file a fee petition setting forth the reasonable attorney's fees incurred in responding to the garnishee's motion and, separately, the reasonable fees associated with any other actions taken because of the garnishee's failure to answer. The fee petition shall be noted for consideration on the third Friday after filing. An amended judgment will be entered following consideration of the answer and fee petition.

Dated this 30th day of April, 2019.

*Robert S. Lasnik* (signature)
Robert S. Lasnik
United States District Judge

---

[2] The Court declines to consider or rely on the equivocal answer filed by Wells Fargo Bank in MC17-0173RSL.

ORDER TO ANSWER WRIT AND
AWARDING ATTORNEY'S FEES            -5-